RECEIVED
IN ALEXANDRIA, LA.
NOV 30 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM D. DUNNE | DOCKET NO. 10-CV-1416; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JOHN C. ZUERCHER | MAGISTRATE JUDGE JAMES D. KIRK |

### ORDER OF TRANSFER

Petitioner William D. Dunne filed a petition for writ of habeas corpus under 28 U.S.C. §2241 in the Eastern District of Kentucky. At the time of filing, Petitioner was incarcerated at the United States Penitentiary Big Sandy, located in Inez, Kentucky. While the petition was pending, Petitioner was transferred by the Bureau of Prisons to the United States Penitentiary in Pollock, Louisiana. Thereafter, the Eastern District of Kentucky transferred the petition, *pursuant to 28 U.S.C. §1404(a),* to this Court because the petitioner was no longer incarcerated within the its district.

A Section 2241 petition for habeas corpus must be filed in the district in which the prisoner is confined. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(citations omitted); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The Fifth Circuit Court of Appeals, as well as the Fourth Circuit Court of Appeals (within which the Eastern District of Kentucky lies) have stated that jurisdiction is determined at the time an action is filed; **the subsequent transfer of a prisoner outside the jurisdiction in which he filed an action**

**does not defeat personal jurisdiction.** See <u>United States v. Gabor</u>, 905 F.2d 76, 78 (5th Cir. 1990)(stating that, "[t]o entertain a §2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian"); <u>McClure v. Hopper</u>, 577 F.2d 938, 939-40 (5th Cir. 1978)(explaining that jurisdiction attaches upon the initial filing for habeas corpus relief and is not destroyed upon the petitioner's transfer or custodial change)(citations omitted); <u>Monroig v. Craig</u>, 2010 WL 890974, 3(S.D.W.Va. 2010)(citing <u>United States v. Edwards</u>, 27 F.3d 564 (4th Cir. 1994)(citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)); <u>Chaney v. O'Brien</u>, 2007 WL 1189641, 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition).

Moreover, the Eastern District of Kentucky transferred this case under 28 U.S.C. § 1404(a), which provides for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action **to any other district or division where it could have been brought.** Clearly Petitioner's action could not have been brought in the Western District of Louisiana because, at the time of filing, Petitioner was not incarcerated within this district.

2

The undersigned finds that, since the petition was properly filed in the Eastern District of Kentucky, that Court retained jurisdiction despite Petitioner's subsequent transfer to a prison outside of that district. Otherwise stated, the Western District of Louisiana does not have jurisdiction to entertain a Section 2241 petition that was filed in the Eastern District of Kentucky while Petitioner was incarcerated within that district.

**THEREFORE, IT IS ORDERED THAT** Petitioner's Section 2241 petition be and is hereby **TRANSFERRED BACK TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of November, 2010.

**DEE D. DRELL**
**UNITED STATES DISTRICT JUDGE**